UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| MARSHALL GEORGE WILSON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:23-cv-238 |
| AUSTIN GARRETT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Marshall George Wilson's motion to proceed *in forma pauperis* [Doc. 2], a civil rights complaint under 42 U.S.C. § 1983 filed by Plaintiff [Doc. 1], and an amended complaint filed by Barbara West [Doc. 5]. For the reasons set forth below, the Court **DENIES** the motion to proceed *in forma pauperis* [Doc. 2], **STRIKES** the amended complaint, and **ORDERS** Plaintiff to show cause why this action should not be dismissed for his failure to prosecute and/or comply with an Order of the Court.

### I. BACKGROUND

On or about October 16, 2023, Plaintiff filed an unsigned, pro se prisoner's complaint under 42 U.S.C. § 1983 alleging that the Hamilton County Jail and its employees are responsible for his brother's death [Doc. 1]. Plaintiff also filed a motion to proceed *in forma pauperis* [Doc. 2]. On October 27, 2023, this Court entered an Order describing certain deficiencies in Plaintiff's filings, noting that it was unclear whether Plaintiff has standing to bring this action, and requiring him to file an amended complaint within thirty (30) days [Doc. 4]. The Clerk mailed Plaintiff a § 1983 form for this purpose [*Id.*].

On November 17, 2023, Barbara West, Plaintiff's relative [*see* Doc. 1 p. 3], filed an amended complaint on notebook paper alleging "wrongful death" [Doc. 5]. The filing fee was paid the same date. On November 22, 2023, Plaintiff submitted to the Court a change of address that suggests he is no longer incarcerated [Doc. 6].

## II. ANALYSIS

Because the filing fee has been paid in this action, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] as moot.

After reviewing Plaintiff's complaint, this Court ordered Plaintiff to "file an amended complaint on the provided § 1983 form setting forth each alleged constitutional violation, in support of which he shall set forth a **short and plain statement of facts** and the entity(ies) and/or individual(s) he seeks to hold responsible under § 1983" [Doc. 4 p. 2]. Plaintiff failed to comply with that Order. And the amended complaint filed by Barbara West also fails to comply with the Order. First, Barbara West is not the Plaintiff in this action. Second, her relationship to Plaintiff and/or the decedent is unknown. Therefore, to the extent she is trying to take over as Plaintiff, it is unclear whether she has standing to bring this action. Accordingly, the Court **DIRECTS** the Clerk to **STRIKE** the amended complaint [Doc. 5].

Also, the amended complaint provides no facts about what happened to Plaintiff's brother [Doc. 5]. Attached records indicate only that the decedent was assaulted in prison on or about September 5, 2022, and treated at the hospital, and that he was readmitted to the hospital on September 19, 2022, following his release from jail [Doc. 5 p. 6]. That is not sufficient information

for the Court to determine a constitutional theory of liability against any particular individual or entity.[1]

Even so, the Court will provide Plaintiff one final opportunity to comply with the Court's Order by filing an amended complaint within fourteen (14) days in accordance with the above directives and the Court's prior Order [*See* Doc. 4].  The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for that purpose.  Plaintiff is **NOTIFIED** that if he fails to timely file an amended complaint that sets forth his standing to bring this action and a sufficient factual basis to support it, the Court will dismiss Plaintiff's complaint and close this case.

**SO ORDERED.**

/s/     *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is also unclear whether Plaintiff is bringing this action seeking compensation for his own personal loss or seeking vindication for the pre-death constitutional violations allegedly suffered by the decedent.